# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 1:10CR00017 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **PETER TERRY BELCHER**, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Albert P. Mayer, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Peter Terry Belcher, Pro Se Defendant.*

The defendant, Peter Terry Belcher, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012), alleging that his sentence of imprisonment should be reduced, because he received ineffective assistance of counsel during sentencing proceedings. After review of the parties' submissions and the record of the criminal proceedings, I find that the United States' Motion to Dismiss, based on the defendant's waiver of his right to bring a § 2255 motion contained in his Plea Agreement, must be granted.

I

The defendant was convicted in 1988 in the United States District Court for the Southern District of West Virginia of felony possession of a firearm with an obliterated serial number. More than 20 years later, Belcher pleaded guilty in this court, pursuant to a written Plea Agreement, to possessing, selling, or disposing of stolen firearms, as charged by Count Two of a two-count Indictment, and possession of firearms after having been convicted of a felony and making false statements, as charged by an Information.

The facts presented in support of Belcher's guilty plea showed that in 2007, Belcher was the treasurer and adjutant for the American Legion Post in Bishop, Virginia. Belcher, who had custody of ten M-1 military rifles that were on loan to the Post for ceremonial purposes, sold seven of the rifles against the interests of the United States Army as their true owner. Three of the ten original rifles went missing.

On August 25 or 26, 2010, at a home owned by Belcher and his wife, agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") executed a search warrant and seized all the firearms, ammunition, and firearms parts listed in Count One of the Information. The government obtained evidence that Belcher had regular access to these firearms after his felony conviction. When ATF agents interviewed Belcher on June 30, 2009, he told them that certain of the firearms in

his home belonged to his wife, who later made a false claim for them. Thereafter, Belcher's wife told agents that, in fact, the firearms belonged to Belcher and that he had regular access to them and handled them, but had told her to say that the firearms belonged to her.

During the defendant's change-of-plea hearing on August 30, 2010, Belcher stated that he was 66 years old, had finished high school, and could read and write. Some issues were raised concerning Belcher's mental health and medical issues. Belcher's attorney explained problems with medication being initially withheld from the defendant on the day of the hearing. Counsel expressed his belief that by the time of the plea colloquy, Belcher was able to understand and participate fully in the proceedings. I also reviewed sealed medical records before determining that Belcher was competent to waive his right to indictment and enter his guilty plea.

As an express condition of Belcher's written Plea Agreement, he committed to the following:

> **1. <u>Waiver of Right to Collaterally Attack</u>**
>
> I waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter and agree I will not file any document which seeks to disturb any such order. **I agree and understand if I file any court document seeking to disturb, in any way, any order imposed in my case, such action shall constitute a failure to comply with a provision of this agreement.**

(Plea Agreement 14, ECF No. 62.) Belcher affirmed that he had initialed each page of the Plea Agreement and signed it to indicate that the document had been

read to him, that he had had ample time to review the Agreement with counsel, that he understood and accepted its terms and consequences, and that he was satisfied with counsel's representation. After the prosecutor advised Belcher orally of the waiver of collateral-attack rights, among other issues, I questioned Belcher about that waiver:

> **THE COURT:** And do you understand that under this Plea Agreement you waive or give up your right to collaterally attack your sentence, meaning that you could not at a later time file a motion or petition seeking to have your conviction or sentence set aside?
>
> **THE DEFENDANT:** I do, your Honor.

(Tr. 21:23–22:3, Aug. 30, 2010, ECF No. 101.)

I reviewed with Belcher the charges to which he was pleading guilty and the factors the United States would have to prove at trial. Belcher affirmed that he understood the charges and that he would plead guilty to them. I found that Belcher's plea was knowing and voluntary.

Belcher's Presentence Investigation Report indicated that, as stipulated in the Plea Agreement under the advisory guidelines of the U.S. Guidelines Manual ("USSG"), Belcher's Base Offense Level was 14, increased by eight levels because the offense involved between 100 and 199 firearms, by two levels because some firearms were stolen, and by another two levels because Belcher had obstructed justice, for a Total Offense Level of 26. With Belcher's Criminal History Category of I, his custody range was 63 to 78 months in prison. Defense counsel filed a

written objection to the Report's finding that Belcher was not entitled to receive any reduction for acceptance of responsibility.

At the sentencing hearing on January 19, 2011, the government requested that the court sentence Belcher within the guideline range. Belcher's counsel argued for a variance to bring the sentence below the guideline range because of Belcher's age and health conditions. I rejected counsel's additional contention that Belcher had accepted responsibility for his crimes. Citing Belcher's age and poor health, I sentenced Belcher to three concurrent, 30-month terms of imprisonment. Belcher did not appeal.

In his § 2255 motion, Belcher alleges that counsel provided ineffective assistance at sentencing by (a) failing to argue that Belcher was entitled to a reduction for acceptance of responsibility and (b) that Belcher should receive a downward departure based on his self-reporting of his firearms possession. The United States has filed a Motion to Dismiss, asserting that Belcher's claims should be dismissed as waived under the terms of his Plea Agreement. Belcher moved to "quash" the United States' motion because he had not been provided a copy of the sentencing transcript and the change-of-plea transcript allegedly omitted certain events that occurred at the hearing. The court directed the clerk to provide Belcher with a copy of the sentencing transcript, and he then responded to the Motion to Dismiss, making these matters ripe for disposition.

For the reasons herein stated, I will deny the Motion to Quash as frivolous.[1] After review of the transcripts and the parties' submissions, I will grant the government's Motion to Dismiss.

II

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Whether the waiver is intelligent and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir.

---

[1] Belcher states no ground on which the Motion to Dismiss must be "quashed" or stricken. In preparing his response to the United States' arguments, Belcher had access to the plea transcript and the sentencing transcript, and the other concerns Belcher raises in his self-styled "Motion to Quash" are immaterial and frivolous. Belcher's conclusory assertion that the guilty plea transcript omits certain events is belied by the court reporter's affidavit, verifying that the written transcript is consistent with the audio recording of the hearing. (Faris Aff., ECF No. 114.) Moreover, the events allegedly omitted are either present in the transcript or have no bearing on the issues raised in the § 2255 motion or the Motion to Dismiss. *See, e.g., United States v. Huggins*, 191 F.3d 532, 537 (4th Cir. 1999) (affirming district court's denial of motion for new trial based on alleged transcript omissions because defendant failed to show that omissions specifically prejudiced his ability to perfect an appeal).

Belcher's contention that he received no notice of forfeiture proceedings is meritless, because forfeiture was discussed in detail in the Plea Agreement and at the guilty plea hearing. Belcher's complaint that officials have not returned his cane and other property items has no bearing on his § 2255 claims, and he is advised that he may bring an appropriate, separate motion for return of these items under Rule 41(g) of the Federal Rules of Criminal Procedure.

1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). If the court concludes that defendant's waiver of collateral-attack rights was knowing and voluntary, defendant "cannot challenge his conviction or sentence in a § 2255 motion." *Lemaster*, 403 F.3d at 220.

I find from the record that Belcher's guilty plea and the waiver of his right to bring this collateral attack under § 2255 were knowing and voluntary and therefore, valid. Moreover, Belcher does not contest the validity of his guilty plea or his waiver of § 2255 rights. Belcher asserts that his claims of ineffective assistance fall outside the scope of his valid waiver of collateral-attack rights and must be addressed on the merits. I cannot agree.

In *Lemaster*, the court recognized that certain types of claims fall outside the scope of a valid waiver of appeal rights, including a defendant's "claim that he had been *wholly deprived* of counsel during his sentencing proceedings." 403 F.3d at 220 n. 2 (emphasis added) (*citing United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994). The court implicitly acknowledged that such a claim would also be considered outside the scope of a valid plea agreement waiver of § 2255 rights. *Lemaster,* 403 F.3d at 220 n. 2. In resolving the waiver analysis in *Lemaster*, the court addressed defendant's ineffective assistance of counsel claims only to the extent that they allegedly had some bearing on the validity of defendant's plea agreement and waiver of collateral-attack rights. *Id.* at 222-23. Because these

allegations directly contradicted defendant's sworn statements at the plea hearing, the court upheld the validity of the § 2255 waiver and affirmed the district court's summary dismissal of all defendant's § 2255 claims as waived, including his claims that counsel provided ineffective assistance at sentencing. *Id.* at 219 n. 1, 223.

Belcher has no claim that he was deprived of counsel at sentencing, as occurred in the *Attar* case, where defendants stood before the court for sentencing without representation by counsel. 38 F.3d at 733. Belcher merely alleges that his attorney's ineffective assistance at sentencing deprived him of an additional sentence reduction. Neither *Attar* nor *Lemaster* place ineffective assistance claims outside the scope of a valid waiver. The collateral-attack provision in Belcher's Plea Agreement is broad in scope, expressly waiving "any right [he] may have to collaterally attack, in any future proceeding, any order issued in this matter." (Plea Agreement 14.) I find that Belcher's § 2255 claims fall squarely within the scope

of his waiver and are barred from review on the merits. I will grant the Motion to Dismiss based on the defendant's valid waiver of collateral-attack rights.[2]

A separate Final Order will be entered herewith.

DATED: January 28, 2013

/s/ James P. Jones
United States District Judge

---

[2] In any event, I find that Belcher's § 2255 claims are without merit. Claim (a) has no factual support in the record. Contrary to Belcher's assertions, his attorney filed a written objection and argued orally at sentencing that Belcher should receive credit for acceptance of responsibility. Belcher's Claim (b), alleging that counsel erred in failing to move for a downward departure based on Belcher's self-reporting of his crimes, fails under the applicable constitutional standard. *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring defendant to show that but for counsel's deficient performance, the outcome of the proceeding would have been different).

In support of Claim (b), Belcher asserts that he alerted ATF agents to the fact that he was a convicted felon who had numerous firearms in his home. Even assuming this account to be true, it does not support the downward departure Belcher demands. The United States' evidence showed that Belcher told untruths about his ownership and control over the firearms agents seized on his property, that he persuaded his wife to make false statements, and that he took custody of and sold firearms that belonged to the Army without self-reporting these aspects of his offense conduct. In light of the evidence as a whole, counsel's failure to argue for the downward departure Belcher proffers was neither deficient performance nor prejudicial to the outcome at sentencing, and Belcher's Claim (b) fails under both facets of *Strickland*.